```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA
```

| | |
|---|---|
| KELLY TOLBERT,<br><br>            Plaintiff,<br><br>   v.<br><br>JO ANNE B. BARNHART, Commissioner of<br>Social Security Administration,<br><br>            Defendant. | CASE NO.    C05-5245JKA<br><br>ORDER REMANDING<br>ADMINISTRATIVE DECISION |

This matter has been referred and reassigned to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). This matter has been fully briefed. Plaintiff brings this action pursuant to 205(g) of the Social Security Act ("the Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the defendant's final decision.

Plaintiff argues in her opening brief the following administrative errors: 1) the ALJ did not provide specific and legitimate reasons for disregarding the opinions of Dr. Jackson, the consultative examiner and Dr. Hoskins, the State Agency Reviewer; 2) the ALJ erred in not obtaining an updated medical expert opinion regarding medical equivalency as required by SSR 96-6p.; 3) the ALJ erred in according inadequate weight to Ms. Tolbert's treating physicians; 4) the ALJ erred in rejecting an examining physician's opinion based on the fact that it was secured by an attorney; 5) the ALJ failed to follow SSR 96-8p in assessing Ms. Tolbert residual functional capacity; 6) the ALJ's hypothetical question was not supported by the medical record, failed to properly consider Ms. Tolbert's mental limitations and did not include the combined effect and severity of Ms. Tolbert's exertional and non-exertional impairments; 7) the ALJ failed to discuss and resolve conflicts in the evidence; 8) the ALJ ignored lay witness statements; and 9) the ALJ improperly evaluated Ms. Tolbert's subjective complaints.

This Court must uphold the determination that plaintiff is not disabled if the ALJ applied the proper

legal standard and there is substantial evidence in the record as a whole to support the decision. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla but less than a preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, the Court must uphold the Secretary's decision. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

After carefully reviewing the record, the court finds the ALJ erred when he considered the medical evidence and evaluated the severity of plaintiff's impairments related to her fibromyalgia. Specifically, the court finds the ALJ failed to properly consider the opinions of Dr. Jackson, a consulting physician.

Ms. Tolbert was diagnosed with fibromyalgia in December 1999. On February 1, 2000, Dr. Shasteen also diagnosed fibromyalgia, and at that time plaintiff was experiencing total body pain, temporomandibular joint dysfunction, migraine headaches, and irritable bowel syndrome. As her condition progressed she began experiencing extreme fatigue, nonrestorative sleep, and myofascial aching over the tender points associated with fibromyalgia. (Tr.301-350, 369-377, 379-387, 434-471 and 474-489).

Dr. Jackson examined Ms. Tolbert in November 2000, and he diagnosed "fibromyalgia by history, fair prognosis" (Tr. 384). Dr. Jackson opined that Ms. Tolbert had 14 of the classic fibromyalgia trigger points, limited range of motion in her back, was unable to squat or kneel, had a slight limp and favored her left knee and that there was patellar femoral credits and lateral joint line tenderness in her left knee (Tr. 382-4). He stated that she was limited to lifting 20 lbs occasionally, 10 lbs frequently, standing or walking for one hour at time for a cumulative period of standing for four hours in an eight hour work day, sitting 30 minutes at a time for a cumulative total of six hours in an eight hour work day, was unable to squat or kneel, could occasionally stoop or crouch and would require a 2-3 hour nap around noontime to rest (Tr. 384-5).

With respect to fibromyalgia, the ALJ's decision is inconsistent to a certain degree. On the one hand the ALJ found that Ms. Tolbert's fibromyalgia was a severe impairment, but he discredits the severity of certain symptoms assessed by Dr. Jackson. The ALJ credited some and discredited other impairments opined by Dr. Jackson. The ALJ wrote:

>A residual functional capacity for light work is also supported by the opinion of the consultative examiner Dr. Jackson.  He estimated that the claimant could be expected to lift and carry up to 20 pounds occasionally and/or 10 pounds frequently, sit for a cumulative 6 hours or a normal eight-hour workday, and stand and walk for a cumulative of four hours in a normal eight-hour workday.  He also opined that she could walk on-half mile twice-daily, although she had additional postural limitations.  While I concur with the light work restriction outlined by this consultative examiner, I specifically discredit the claimant's need to take a nap two to three hours daily.  Dr. Jackson clearly took her recitation at face value with absolutely no evidentiary support, and probably did so with some of the other postural limits as well.  I also not that his restrictions are based on fibromyalgia by history, and her left knee.  There are way too many esoteric limits outlined for these fuzzy diagnoses; hence he must be crediting her statements, which I do not.

(Tr. 30-31).

In this case, it is disingenuous for the ALJ to accept some limitations opined by a medical source while at the same time reject others.  While the issue of a plaintiff or claimant's credibility is the ALJ's realm of expertise, it is quite different to question and undermine a medical expert's opinion based on the assumption that the opinion is premised on a patient's credibility.

The ALJ approached the medical opinion of Dr. Swanson in a similar fashion.  Dr. Swanson evaluated Ms. Tolbert's fibromyalgia.  The ALJ discredited the medical report, stating, "In summary, these questionnaires characterize the claimant as a bed ridden recluse who is incapable of performing any mental or physical tasks.  It this were true, she would be institutionalized, but is instead raising her child alone and engaging in all of the aforementioned activities with a paucity of any medical findings to support any of these opinions" (Tr. 31).

In sum, the court finds the ALJ improperly reviewed the medical opinions with respect to Ms. Tolbert's diagnosed fibromyalgia.  Accordingly, the Court REMANDS the Social Security Administration's final decision for further consideration.

The clerk is directed to send copies of this Order to counsel of record.

DATED this 17th day of November, 2005.

>*/s/ J. Kelley Arnold*
>J. Kelley Arnold
>U.S. Magistrate Judge

ORDER
Page - 3